**LEWIS BRISBOIS BISGAARD & SMITH LLP**
DANIEL C. DECARLO, SB# 160307
  E-Mail: Dan.DeCarlo@lewisbrisbois.com
THOMAS S. KIDDE, SB# 61717
  E-Mail: Thomas.Kidde@lewisbrisbois.com
SASHA SHARIATI, SB# 318975
  E-Mail: Sasha.Shariati@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Plaintiff INSURANCE
KING AGENCY, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INSURANCE KING AGENCY, INC., an Illinois corporation, <br><br> Plaintiff, <br><br> vs. <br><br> JUST AUTO INSURANCE, INC., a California corporation, Leon Fregoso, an individual and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO. <br><br> **COMPLAINT FOR:** <br><br> **TRADEMARK INFRINGEMENT, 15 U.S.C. §1114;** <br><br> **FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION 15 U.S.C. §1125(a);** <br><br> **COMMON LAW TRADEMARK INFRINGEMENT;** <br><br> **COMMON LAW UNFAIR COMPETITION; and** <br><br> **CALIFORNIA BUSINESS & PROFESSION CODE § 17200 et seq.** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Insurance King Agency, Inc. ("King Agency"), by and through its undersigned attorneys, hereby makes this Complaint against Defendants Just Auto Insurance, Inc. ("Just Auto"), Leon Fregoso ("Fregoso"), and Does 1-15, inclusive (collectively, "Defendants") as follows:

4850-5545-2863.2

COMPLAINT

## JURISDICTION AND VENUE

1.      This action arises under the United States Lanham Act, 15 U.S.C. §1051 *et seq.* and contains related California statutory and common law claims. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), since they are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2.      This Court has personal jurisdiction over the Defendants as Just Auto's principal place of business is in Rancho Cucamonga, California, and Plaintiff is informed and believes, and based on that information and belief alleges that Defendant Fregoso resides in the State of California and within this judicial district. Furthermore, some of the infringing and unlawful conduct occurred in California. These acts form a substantial part of the events or omissions giving rise to Plaintiff's claims.

3.      Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391(b)(1), 1391(c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, and the Defendants' principal place of business and residence are within the Central District of California.

## NATURE OF ACTION

4.      This is an action for trademark infringement, unfair competition and false designation of origin under the *Lanham Act*, 15 U.S.C.§1125(a), common law trademark infringement, statutory unfair competition under *California Business and Professions Code* §17200, and common law unfair competition.

## PARTIES

5.      Plaintiff King Agency is an Illinois corporation with its principal place of business at 127 N. Alpine Road, Rockford, Illinois 61107.

4850-5545-2863.2

2

COMPLAINT

6.     King Agency is informed and believes, and on such information and belief alleges, that Defendant Just Auto is a California corporation with its place of business at 8010 Haven Avenue, Rancho Cucamonga, California 92730.

7.     King Agency is informed and believes, and on such information and belief alleges, Defendant Fregoso is an individual in the State of California and within this judicial district.  King Agency is informed and believes, and on such information and belief alleges that Defendant Fregoso is the Chief Executive Officer of Just Auto and Defendant Fregoso directed all of the acts of Just Auto alleged herein.

8.     The King Agency does not know the true names and capacities of the Defendants sued herein as Does 1 through 15, inclusive, and therefor sues such by fictitious names. King Agency will amend this Complaint to allege the true names and capacities of Does 1 through 15, inclusive, when ascertained. King Agency is informed and believes, and on such information and belief alleges, that each Defendant sued herein as Does 1 through 15, inclusive, is responsible on some manner for the occurrence, injury and other damages alleged herein.

9.     The King Agency is informed and believes, and on such information and belief alleges, that at all times mentioned herein, each of the Defendants was a alter-ego, agent, employee, guarantor, assignee, successor of the other and in doing the things hereinafter mentioned, was acting within the course and scope of such agency, employment, assignment, license and/or relationship in doing the acts alleged herein.

**SUMMARY OF FACTS**

10.     Since 2000, King Agency has operated as an insurance broker specializing in writing low cost automobile insurance, SR-22's, motorcycle and renter's insurance policies for individual consumers.

11.     King Agency markets its insurance services through the Internet from its website at www.insuranceking.com as well as www.insurancekingquote.com and

4850-5545-2863.2

COMPLAINT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

also utilizes other media and has over four million views on YouTube®.

12.    The King Agency is also the sponsor of NASCAR driver Josh Bilicki and its insuranceking.com and its Lion Logo are prominently displayed of his race car as well as the bus and car carrier which travels to each race across the country.







13. The King Agency, while based in Illinois, has offices and is actively writing policies in Indiana, Iowa, Mississippi, Missouri, Kansas, Ohio, Tennessee, Texas, Wisconsin. It is licensed to issue insurance policies in Pennsylvania, Alabama and Colorado but has not done so as yet. The King Agency is also in the process of applying in other states, including California and has even received multiple requests for quotes from California residents that it must decline until its licensing in the state is complete.

14. For over twenty years, and long before the acts of the Defendants herein, the King Agency has used the marks "Insurance King" and its "Lion Logo"

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

in advertising for its services, on its signage for its brick and mortar offices as well as promotional materials and in social media.

15.    King Agency is also the owner of two trademark registrations in the United States Patent and Trademark Office: Registration. 4,628,343



("'343 Reg.") and INSURANCE KING®, Registration No. 4,628,341 ("'341 Reg.") (collectively "King Marks") for "insurance brokerage services" with first use claimed in April 2000.  The King Marks are incontestable and copies of the Registration certificates are attached as Exhibits A and B, respectively.

16.    King Agency has developed the King Marks at great expense and such are valuable and irreplaceable assets.  The King Agency has invested substantial sums in advertising and promotion of its services under the King Marks and such have come to be recognized as identifying the King Agency and its services.

17.    King Agency has a vital economic interest in the protection and preservation of the King Marks and the maintenance of the goodwill and reputation associated therewith.

## DEFENDANTS' ACTIONS

18.    The King Agency is informed and believes that Defendant Just Auto is a California corporation that provides insurance brokerage services.  King Agency is informed and believes that at some point in 2019 Defendant Just Auto, at the direction of Fregoso began using the term "The King of Insurance" as well as a design of a lion ("Just Auto lion") in connection with the promotion of its insurance brokerage services, including, but not limited to, use on its advertising and promotional materials and the signage for its business locations.

19.    On June 26, 2019 Just Auto filed an intent-to-use trademark application

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

for THE KING OF INSURANCE, Serial No. 88/490,757 ("'757 App.") for insurance for personal and commercial needs, namely, auto insurance brokerage services and auto insurance consultancy services.

20. On January 8, 2020 Just Auto filed a trademark application for a "Lion" design ("Just Auto lion"), Serial No. 88/750,818 ("'818 App.") for auto insurance brokerage services and auto insurance consultancy services claiming first use on June 25, 2019. (Exhibit C - image from the PTO's TESS system).

21. On January 14, 2020 Just Auto filed two additional trademark applications, one for JUST AUTO INSURANCE SERVICES, INC., Serial No. 88/758,189 for insurance brokerage services; insurance consultancy and JUST AUTO INSURANCE, Serial No. 88/758,194 for insurance brokerage services; insurance consultancy claiming first use for both marks on March 11, 2007. ("Just Auto Apps.")

22. The '757 App has been abandoned after King Agency advised Defendants that it objected to the use/application for "The Insurance King" and the "Just Auto lion", but despite repeated requests to cease, Just Auto, at the direction of Defendant Fregoso, continues to use "The King of Insurance" as well as the "Just Auto lion" for its business and the specimens for the '818 App. and the Just Auto Apps. all include the "Just Auto lion" as found in the '818 App. and the phrase "The King of Insurance". (Exhibit "D" hereto).

23. Defendants continued willful infringement of the King Marks includes:

(1) Use of the "Just Auto lion" on their signage:



4850-5545-

7

COMPLAINT

(2) Use of the "Just Auto lion" and "The King Of Insurance" on Just Auto's Facebook page:



(3) Defendants' television commercial which prominently displays the "Just Auto lion":



24.     Defendants by their unauthorized use of "The King of Insurance" and the "Just Auto lion" and related activities have engaged in the acts of trademark infringement, false designation of origin and unfair competition.

25.     Defendants' activities have damaged and will continue to damage the reputation, business and goodwill of the King Agency, including, but not limited to the fact that Defendant Just Auto has received negative reviews from consumers and due to Defendants' acts as described herein, such are being ascribed to the King Agency. Unless enjoined by the Court, Defendants will continue and further escalate their unlawful activities.

26.     King Agency has no adequate remedy at law and Defendants' activities have caused and, if not enjoined, will continue to cause irreparable harm to King Agency including its business reputation and goodwill.

### FIRST CAUSE OF ACTION

### (For Trademark Infringement, 15 U.S.C. §1114

### (Against All Defendants)

27.     The King Agency realleges, and incorporates herein by this reference

4850-5545-2863.2

9

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

the allegations contained in paragraphs 1 – 26, above, as though fully set forth herein.

28. Defendants' unauthorized use in commerce of "The King of Insurance" and the "Just Auto lion", or confusingly similar variations thereof, despite repeated demands by the King Agency to cease in connection with their advertising, marketing, and provision of insurance brokerage services, as alleged herein, is likely to cause confusion, to cause mistake, or to deceive consumers.

29. Defendants' acts, alleged herein, constitute willful federal trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

30. By reason of Defendants' actions, the King Agency has suffered irreparable harm to its valuable trademarks and the goodwill associated therewith. King Agency has been and, unless Defendants are preliminarily and permanently restrained from their actions, will continue to be irreparably harmed. King Agency has no adequate remedy at law and therefore seeks injunctive relief under 15 U.S.C. § 1116.

31. Defendants knew or should have known that their use of "The King of Insurance" and the "Just Auto lion" were likely to confuse and mislead consumers as to the source of their services. Indeed, as alleged above, Defendants were well aware that the complained of acts herein would result in consumers being confused and it was that very confusion that Defendants hoped to and did, on information and belief, profit from. Accordingly, this is an exceptional case under 15 U.S.C. §1117 (a).

32. As a direct and proximate result of the foregoing acts, practices, and conduct of Defendants, the King Agency has been substantially injured in its business resulting in lost revenues and profits in an amount to be proven at trial but which exceeds $75,000, and diminished goodwill and reputation and is entitled to the profits earned by Defendants attributable to the wrongful conduct alleged herein.

33. Defendants acts were willful and King Agency is entitled to recover

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4850-5545-2863.2

10

COMPLAINT

reasonable attorneys' fees and costs under 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

## (False Designation of Origin, Unfair Competition 15 U.S.C. §1125(a))

## (Against All Defendants)

34.     King Agency realleges, and incorporates herein by reference Paragraphs 1-33, above, as though fully set forth herein.

35.     Defendants' unauthorized use in commerce of "The King of Insurance" and the "Just Auto lion", or confusingly similar variations thereof, despite repeated demands by the King Agency to cease, in connection with their advertising, marketing, and providing of insurance brokerage services, as alleged herein, is likely to cause confusion, to cause mistake, or to deceive consumers as to the origin, source, sponsorship or affiliation of Defendants' services and is likely to cause consumers to erroneously believe that Defendants' services are in some way affiliated with the King Agency.

36.     Defendants knew or should have known that their use of "The King of Insurance" and the "Just Auto lion" was likely to confuse and mislead consumers as to the source of their services. Defendants were well aware that the complained of acts herein would result in consumers being confused. It was that very confusion that Defendants hoped to and did, on information and belief, profit from.

37.     As a direct and proximate result of the foregoing acts, practices, and conduct of Defendants, the King Agency has been substantially injured in its business resulting in lost revenues and profits, and diminished goodwill and reputation.

38.     As a direct and proximate result of the foregoing acts, practices, and conduct of Defendants, King Agency has sustained and will continue to sustain substantial, immediate, and irreparable injury for which there is no adequate remedy at law, including without limitation the loss of consumer goodwill and unless

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4850-5545-2863.2

11

COMPLAINT

enjoined and restrained by the Court, Defendants will continue to engage in conduct in violation of the Lanham Act and Defendants actions render the matter exceptional under 15 U.S.C. §1117(a).

39.   As a result of Defendants' acts, King Agency has suffered damages in an amount to be proven at trial but which exceeds $75,000.  King Agency is further entitled to attorneys' fees and costs, and the profits earned by Defendants attributable to their wrongful conduct.

### THIRD CAUSE OF ACTION

### (Common Law Trademark Infringement)

### (Against All Defendants)

40.   King Agency realleges, and incorporates herein by reference Paragraphs 1-39, above, as though fully set forth herein.

41.   King Agency was the first to use Insurance King and the Lion Logo in the '343 Reg. in connection with insurance brokerage services and as a result such have become associated with the King Agency and its insurance services and results in the King Agency's acquisition of common law trademark rights in and to the King Marks.

42.   Defendants have violated the King Agency's exclusive common law trademark rights in and to the King Marks through their intentional disregard for King Agency's rights by their advertisements and continued use of "The King of Insurance" and the "Just Auto lion" in the promotion of their services. Such acts are likely to cause, and have caused and will continue to cause confusion as to the source or sponsorship of Defendants' services.

43.   Defendants' acts described herein constitute willful infringement of the King Agency's rights, in violation of the common law.

44.   By reason of Defendants' actions, the King Agency has suffered irreparable harm and unless Defendants are restrained from further infringement of the King Marks, the King Agency will continue to suffer irreparable harm.  The

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4850-5545-2863.2

King Agency has no remedy at law that will adequately compensate it for such irreparable harm if Defendants' conduct is allowed to continue.

45.   As a result of Defendants' actions, the King Agency has suffered damages in an amount to be proven at trial but which exceeds $75,000 and is entitled to attorneys' fees and costs, the profits earned by Defendants attributable to their wrongful conduct and injunctive relief.

## FOURTH CAUSE OF ACTION

### (Common law Unfair Competition)

### (Against All Defendants)

46.   The King Agency realleges, and incorporates herein by reference Paragraphs 1-45, above, as though fully set forth herein.

47.   Defendants' use of "The King of Insurance" and the "Jut Auto lion", or confusingly similar variations thereof, despite repeated demands by the King Agency to cease, in connection with their advertising, marketing, and providing of insurance brokerage services, as alleged herein, is likely to cause confusion, to cause mistake, or to deceive consumers as to the origin, source, sponsorship or affiliation of Defendants' services and is likely to cause consumers to erroneously believe that Defendants' services are in some way affiliated with o cconstitutes unfair competition, and is likely to cause confusion and mistake in the minds of consumers as to the source of the parties' goods and services.

48.   King Agency is informed and believes and on such information and belief alleges that Defendants' acts, as alleged herein, were taken with the intent of causing confusion, mistake, and deception as to the source of their services and improperly trading upon the reputation and goodwill of the King Agency and impairing the valuable rights in its King Marks.

49.   Defendants' acts herein were and are willful and intentional acts of unfair competition.

50.   By reason of Defendants' actions, the King Agency has suffered

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

irreparable harm and unless Defendants are restrained from further infringement of the King Marks, the King Agency will continue to suffer irreparable harm. The King Agency has no remedy at law that will adequately compensate it for such irreparable harm if Defendants' conduct is allowed to continue.

51.    As a result of Defendants' actions, the King Agency has suffered damages in an amount to be proven at trial but which exceeds $75,000 and is entitled to attorneys' fees and costs, the profits earned by Defendants attributable to their wrongful conduct and injunctive relief.

## FIFTH CAUSE OF ACTION

### (California Statutory Unfair Competition – California Business & Profession Code § 17200 et seq.)

### (Against all Defendants)

52.    The King Agency realleges, and incorporates herein by reference Paragraphs 1-51, above, as though fully set forth herein.

53.    Defendants, through the conduct alleged herein, have engaged in and continue to engage in trademark infringement, unlawful, unfair, and/or fraudulent conduct in violation of Section 17200, *et seq.* of the *California Business and Professions Code*. Defendants have also engaged in and continue to engage in conduct that is deceptive, untrue and misleading in violation of *California Business and Professions Code* Section 17500, which also constitutes a violation of Section 17200.

54.    As a result of the foregoing, the King Agency has adequate remedy at law such that monetary damages alone will not fully compensate for Defendants; blatant misconduct and unless enjoined by the Court, Defendants will continue to violate the King Agency's rights.

55.    As a result of the foregoing, the King Agency is entitled to injunctive relief pursuant to *California Business and Professions Code Section* 17203.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4850-5545-2863.2

14

COMPLAINT

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Insurance King Agency prays for judgment as follows:

A. For general, compensatory and special damages according to proof at the time of trial including an enhancement by the Court as set forth in 15 U.S.C 1117;

B. For a disgorgement of the profits earned by Defendants that are attributable to the wrongful acts set forth herein pursuant to 15 U.S.C. 1117;

C. For a determination that this case is "exceptional" and that Defendants be ordered to pay the reasonable attorneys' fees and costs incurred by Plaintiff in prosecuting this action pursuant to 15 U.S.C. 1117;

D. For the grant of a permanent injunction enjoining Defendants from using the "The King of Insurance" and the lion logo, or any confusingly similar marks, in connection with the marketing, promotion, or advertising of Defendants' services.

E. For punitive damages in an amount to be determined at trial;

F. For the costs of this action and for pre-judgment interest as allowed by law; and

G. For any such further legal and equitable relief as the Court deems proper.

DATED: July 1, 2020

DANIEL C. DECARLO
THOMAS S. KIDDÉ
SASHA SHARIATI
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
Daniel C. DeCarlo
Attorneys for Plaintiff INSURANCE KING AGENCY, INC.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4850-5545-2863.2

15

COMPLAINT

# **DEMAND FOR JURY TRIAL**

Plaintiff Insurance King Agency, Inc. hereby demands trial by jury on all matters so triable.

DATED: July 1, 2020

DANIEL C. DECARLO
THOMAS S. KIDDÉ
SASHA SHARIATI
LEWIS BRISBOIS BISGAARD & SMITH LLP


By: _____

Daniel C. DeCarlo
Attorneys for Plaintiff INSURANCE KING AGENCY, INC.

16

COMPLAINT