**LEWIS BRISBOIS BISGAARD & SMITH** LLP
DANIEL C. DECARLO, SB# 160307
  E-Mail: Dan.DeCarlo@lewisbrisbois.com
THOMAS S. KIDDE, SB# 61717
  E-Mail: Thomas.Kidde@lewisbrisbois.com
SASHA SHARIATI, SB# 318975
  E-Mail: Sasha.Shariati@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Plaintiff INSURANCE
KING AGENCY, INC.

**LAGASSE BRANCH BELL & KINKEAD LLP**
SEVAN GOBEL (SB: 221768 )
  E-Mail: sgobel@lbbklaw.com
ARTIN AVETISOVE (SB: 258777)
  E-Mail: aavetisove@lbbklaw.com
626 Wilshire Blvd., Suite 1000
Los Angeles, California 90017
Telephone: 213.817.9152
Facsimile: 213.817.9154

Attorneys for Defendants
JUST AUTO INSURANCE, INC. and LEON FREGOSO

FILED
CLERK, U.S. DISTRICT COURT
5/5/21
CENTRAL DISTRICT OF CALIFORNIA
BY: WH  DEPUTY

link 27

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| INSURANCE KING AGENCY, INC., an Illinois corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JUST AUTO INSURANCE, INC., a California corporation, Leon Fregoso, an individual and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 2:20-cv-05944-PSG (GJSx)<br><br>[~~PROPOSED~~] JOINT STIPULATED PROTECTIVE ORDER<br><br>Trial Date:   August 24, 2021 |

4840-8675-1972.1

[PROPOSED] JOINT STIPULATED PROTECTIVE ORDER

# JOINT STIPULATED PROTECTIVE ORDER

1. **Purposes And Limitations**

    **1.1    Good Cause Exists:**  The parties recognize that disclosure and discovery activity during the course of this action may require each party, and possibly third-parties, to produce or otherwise reveal highly sensitive, confidential, proprietary, or private information, including the disclosure of trade secrets and other confidential research, development, commercial, or financial information that is purposely protected from disclosure to the public.  The party producing such information and/or the party such information pertains to would suffer irreparable injury if the information identified above were made available to the public.  The Producing Party's interest in restricting the disclosure and use of the information identified above far outweighs the interest of the public in having access to such information.  Thus, good cause exists for entry of this Joint Stipulated Protective Order ("Protective Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to protect against improper disclosure or use of confidential information produced or disclosed in this action.

    **1.2    Stipulation:** The parties, through counsel, hereby stipulate to and petition the Court to enter the following Protective Order. The parties acknowledge that this Protective Order shall govern the handling of documents, tangible objects, materials or things, deposition testimony, deposition exhibits, and all other written records, electronic data, or graphic matters produced after the date of this Protective Order, whether produced pursuant to any applicable rules, written discovery requests or subpoenas, and/or used during the trial or any proceeding in this action. This Protective Order, however, does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

## 2. Definitions

**2.1 Party:** Any party to this action, including all of its officers, directors, employees, agents, consultants, retained experts and Outside Counsel (and their support staff).

**2.2 Disclosure or Discovery Material:** All items or information, regardless of the medium or manner generated, stored or maintained (including, among other things, answers to interrogatories, responses to requests for admission, depositions, expert reports, briefs, memoranda, writing filed with or otherwise supplied to the Court, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this action.

**2.3 "Confidential" Material:** Information that has not been made public and that concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information is likely to cause injury to the Designating Party or to the party to whom the information is confidential.

**2.4 "Highly Confidential-Outside Counsel Only" Material:** Extremely sensitive "Confidential" Material, the disclosure of which to another Party or non-Party would create a substantial risk of serious injury to the party to whom the information is confidential that could not be avoided by less restrictive means.

**2.5 Receiving Party:** A Party or non-Party that receives Disclosure or Discovery Material.

**2.6 Producing Party:** A Party or non-Party that discloses or produces Disclosure or Discovery Material in this action.

**2.7 Designating Party:** A Party or non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential-Outside Counsel Only." Third Parties

producing Disclosure or Discovery Material pursuant to a subpoena shall have all rights granted to Designating Parties.

**2.8****Challenging Party:**  A Party or non-Party that challenges the designation of information or items produced by the Designating Party.

**2.9****Protected Material:**  Any Disclosure or Discovery Material that is designated as "Confidential" or "Highly Confidential-Outside Counsel Only."

**2.10****Confidentiality Designations**:  "Confidential" or "Highly Confidential-Outside Counsel Only."

**2.11****Outside Counsel/Counsel:**  Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action (as well as their support staffs).

**2.12****Expert:**  A person who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who is not a past or current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party.

**2.13****Professional Vendors:**  Persons or entities that provide litigation support services (e.g. photocopying; videotaping; translating; preparing exhibits or demonstratives; organizing, storing, retrieving data in any form or medium) and their employees and subcontractors.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

**2.14****Final Disposition:**  For purposes of this Protective Order, final disposition occurs after an order, mandate or dismissal finally terminating the above-captioned action with prejudice, including all appeals, or a dismissal without prejudice in which a new pleading alleging substantially the same claims is not re-filed within ninety (90) calendar days.

**3.****Scope**

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom,

as well as copies, excerpts, summaries or compilations thereof, plus testimony, conversations or presentations by Parties or Counsel in Court or in other settings in which Protected Material is revealed.

4. **Duration**

Even after Final Disposition of this action as set for in Section 2.16 (above), the confidentiality obligations imposed by this Protective Order shall remain in effect with respect to all Protected Material until the Designating Party agrees otherwise in writing or a Court otherwise directs.

5. **Designating Protected Material**

5.1 **Who May Designate**: Any Producing Party may designate any document, material, or information as "Confidential" or "Highly Confidential-Outside Counsel Only." In designating information and Materials as "Confidential" or "Highly Confidential-Outside Counsel Only," Counsel for a Producing Party will make such designation only as to that information that he or she in good faith believes to be "Confidential" or "Highly Confidential-Outside Counsel Only" as defined in Section 2.3 or 2.4 of this Protective Order. Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

5.2 **Designation Requirements:** Designation in conformity with this Protective Order requires:

5.2.01 **Document:** In the case of a document, that the Producing Party affix the legend "Confidential" or "Highly Confidential-Outside Counsel Only" on the top or bottom of each page that contains Protected Material. If the document is a bound volume, the Producing Party need affix the appropriate legend ("Confidential" or "Highly Confidential-Outside Counsel Only") only at the top or bottom of the first page of such bound volume.

5.2.02 **Examination**: As to those documents that are produced for examination for the purposes of allowing opposing counsel to determine which of

those documents opposing counsel desires copies, those documents shall be treated as "Highly Confidential-Outside Counsel Only" pursuant to this Protective Order, whether or not marked, until copies of the documents are requested and produced, at which time the produced documents and information therein shall be held pursuant to this Protective Order based upon the designation, if any, marked upon the documents by the Producing Party.

        **5.2.03 Testimony:** Testimony given in pretrial or trial proceedings, shall be subject to this Protective Order provided the Party or non-Party offering or sponsoring the testimony identify on the record, before the close of the hearing or other proceedings, any portions of the testimony that qualify as "Confidential" or "Highly Confidential-Outside Counsel Only." Unless all parties agree otherwise in advance, information conveyed or discussed in testimony at a deposition shall be subject to this Protective Order and shall initially be designated "Highly Confidential-Outside Counsel Only" at the time the testimony is given. During such time as any information or documents designated "Confidential" or "Highly Confidential-Outside Counsel Only" are disclosed in a deposition, any party shall have the right to exclude from attendance at the deposition any person who is not entitled to receive such information or documents pursuant to this Protective Order. Unless Counsel for a party states otherwise on the record, the entire deposition transcript for each deponent in this action and the information contained therein is to be treated as "Highly Confidential-Outside Counsel Only" for a period of time not to exceed 30 calendar days after the party receives a copy of the deposition transcript, during which time the party may designate, in writing, specific portions of the transcript "Confidential" or "Highly Confidential-Outside Counsel Only" as appropriate. If the party fails to designate in writing any portions of the transcript as "Confidential" or "Highly Confidential-Outside Counsel Only" within the 30 day period, the other parties shall be permitted to use the transcript and the information contained therein with no restrictions of confidentiality subject to the provisions of

Section 5.3 below.

    **5.3    Inadvertent Failure To Designate:** Subject to the provisions of Sections 5.2.01, 5.2.02, and 5.2.03, an inadvertent failure to designate information or documents as "Confidential" or "Highly Confidential-Outside Counsel Only" in accordance with this Protective Order and the failure to object to such a designation shall not preclude a party at a later time from subsequently designating or objecting to the designation of such information or documents as "Confidential" or "Highly Confidential-Outside Counsel Only." A Producing Party who inadvertently fails to designate certain information or documents as "Confidential" or "Highly Confidential-Outside Counsel Only" shall have a reasonable period of time after said disclosure to cure the error, it being agreed that (10) business days after said disclosure to cure the error is presumptively reasonable. The Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order; provided, however, that the Receiving Party may challenge any such designation as provided in Section 6, below.

    **6.    Challenging Confidentiality Designations**

    **6.1    Timing of Challenges:** Unless a prompt challenge to a Designating Party's Confidentiality Designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burden, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a Confidentiality Designation by electing not to mount a challenge promptly after the original designation is disclosed.

    **6.2    Manner of Challenges:** A Party that objects to the designation of any document or information as "Confidential" or "Highly Confidential-Outside Counsel Only" shall provide written notice of the objection to the designating party. The written notice of objection shall: (1) identify the Protected Material by its Bates number(s); and (2) assert what the Challenging Party believes to be the appropriate

designation and the bases for that designation. The Designating Party will then have seven (7) calendar days following the receipt of the Challenging Party's objection to: (1) withdraw its designation; (2) modify its designation in accordance with what the Challenging Party believes to be the appropriate designation; or (3) notify the Challenging Party in writing of the bases of its asserted designation. The Challenging Party shall not unreasonably withhold an extension of time for the Designating Party to respond to the Challenging Party's written objection.

   6.3 **Meet and Confer:** If the dispute cannot be resolved, the Challenging Party may move the Court requesting that the document(s) in question be re-designated after it receives notice of the bases of the Designating Party's asserted designation under Section 6.2. The Challenging Party must comply with the Central District of California Local Rule 37-1 by meeting and conferring with the Designating Party to attempt to resolve the matter by agreement.

   6.4 **Judicial Intervention:** A Party seeking to challenge a Confidentiality Designation must do so pursuant to Central District of California Local Rule 37-2 and all applicable Judges' procedures. Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

   **7.** **Access To And Use Of Protected Material**

   7.1 **Basic Principles:** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.

   7.2 **Disclosure of "Confidential" Information or Items:** Other than by the Disclosing Party, any information or document designated as "Confidential" shall be used solely in connection with this action and shall not be used in any other manner by a receiving Party. Any such designated information or documents shall

not be disclosed to anyone other than:

    a.    the Court and court personnel;

    b.    court reporters taking testimony in these actions and their necessary stenographic, videographic, and clerical personnel;

    c.    counsel for the parties;

    d.    no more than two employees of a Party who require the information to assist the attorneys involved in this action or to evaluate this action for settlement discussions and who have executed a Declaration in the form and scope of Exhibit A attached hereto;

    e.    experts, vendors, investigators, translators, jury consultants, and mock jury members that are not presently employees of a party, provided, however, that before any person other than Outside Counsel is shown or receives any information or document designated as "Confidential," he or she must execute a Declaration in the form and scope of Exhibit A attached hereto;

    f.    persons testifying in depositions or court proceedings (including, without limitation, persons preparing to testify in such depositions or court proceedings) to the extent the "Confidential" document or information was authored by, addressed to, or received by the person or party testifying;

    g.    such other persons as the parties may designate in writing by stipulation or orally agree upon on the record at a deposition in these actions, provided, however, that before such person is shown or receives any information or document designated as "Confidential" he or she must (1) execute a Declaration in the form of Exhibit A attached hereto or (2) agree orally on the record at a deposition in these actions to be bound by the terms of this Protective Order, and further provided that any documents designated as "Confidential" shall not be left in the possession of the person subject to this subparagraph "g.", unless the person otherwise qualifies for access to such documents pursuant to this Protective Order.

    **7.3**    **Disclosure of "Highly Confidential-Outside Counsel Only"**

**Information or Items:** Other than by the Producing Party, any information or document designated as "Highly Confidential-Outside Counsel Only" shall be used solely in connection with the action and shall not be used in any other manner by a receiving party. Any such designated information or documents shall not be disclosed to anyone other than:

    a.    the Court and court personnel;

    b.    court reporters taking testimony in these actions and their necessary stenographic, videographic, and clerical personnel;

    c.    counsel for the parties;

    d.    experts, vendors, translators, jury consultants, and mock jury members that are not presently employees of a party, provided, however, that before any person other than Outside Counsel is shown or receives any information or document designated as "Highly Confidential-Outside Counsel Only" he or she must execute a Declaration in the form and scope of Exhibit A attached hereto and the procedures of Section 7.4 shall be followed;

    e.    persons testifying in depositions or court proceedings (including, without limitation, persons preparing to testify in such depositions or court proceedings) to the extent the "Highly Confidential-Outside Counsel Only" document or information was authored by, addressed to, or received by the person or party testifying;

    f.    such other persons as the parties may designate in writing by stipulation or orally agree upon on the record at a deposition in these actions, provided, however, that before such person is shown or receives any information or document designated as "Highly Confidential-Outside Counsel Only," he or she must (1) execute a Declaration in the form and scope of Exhibit A attached hereto or (2) agree orally on the record at a deposition in these actions to be bound by the terms of this Protective Order, and further provided that any documents designated as "Highly Confidential-Outside Counsel Only" shall not be left in the possession of

the person subject to this subparagraph "f.", unless the person qualifies for access to such documents pursuant to this Protective Order.

**7.4    Procedures for Approving Disclosure of Protected Material or Items to Experts:**

(a)    The attorneys of record for each of the parties shall retain the original, executed Declarations (in the form of Exhibit A hereto) that have been executed by that party and/or its employees and that party's witnesses, experts, vendors, translators, and jury consultants.  It shall be sufficient for an expert, investigator, and jury consultant to execute the Declaration on behalf of the members and employees of his or her firm; no additional Declarations are necessary from such members and employees.

(b)    Prior to disclosure of any documents or information designated "Confidential" or "Highly Confidential-Outside Counsel Only" to any expert, a copy of the executed Declaration shall be served upon opposing counsel (with a copy of such person's curriculum vitae, such person's current employer, a general statement of any prior or current relationship or connection with either party, and a list of all cases in which such person has been deposed or testified as an expert during the past four years).

(c)    Opposing Counsel shall make any objections to the disclosure to the expert in writing no later than seven (7) calendar days from the date of receipt.  The written objection must set forth in detail the grounds on which it is based.  Any such objections to the disclosure must be in good faith and not interposed for purposes of delay or harassment.

(d)    A Party that receives a timely written objection must comply with the Central District of California Local Rule 37-1 by meeting and conferring with the Designating Party to try to resolve the matter by agreement.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion seeking permission from the Court to do so.  Any such motion must comply with

Central District of California Local Rule 37-2 and all applicable judges' procedures.

No such disclosure shall occur until the objection is resolved or the Court grants a motion permitting the disclosure. The burden to file any such motion is on the party that seeks to disclose documents or information designated "Confidential" or "Highly Confidential-Outside Counsel Only" to an expert.

## 8. Inadvertent Production

(a) The Parties agree that inadvertent production of documents, items or information subject to work product immunity, the attorney-client privilege or any other privilege or immunity shall not constitute a waiver of the immunity or privilege provided that the Producing Party notifies the Receiving Party in writing of such inadvertent production immediately upon learning of same.

(b) If the Receiving Party disagrees with the Producing Party's recall request pursuant to Section 8(a), the Receiving Party shall move to compel production of the recalled documents, items, or information no more than seven (7) calendar days after receiving the recall request. The Receiving Party must promptly return, sequester, or destroy all copies of the recalled documents and shall not review or use in any manner the recalled documents, items or information for any purpose until the Court makes a ruling on the motion to compel.

(c) If the Receiving Party does not file a motion to compel within seven (7) calendar days after receiving the recall request, the Receiving Party shall thereafter immediately destroy or return all copies of the recalled documents, items or information in its possession, custody, or control, and confirm that it has done so.

(d) Where a Receiving Party believes, or should reasonably believe, that the Producing Party has inadvertently produced documents, items or information subject to the work-product immunity, attorney-client privileges, or any other immunity or privilege, the Receiving Party shall not review (other than for the purpose of evaluating its privileged nature or to comply with Section 8(b) above) or use in any manner the potentially privileged or immune documents, items, or

information for any purpose, but shall promptly notify the Producing Party in writing, such notification shall include the document control numbers (if available) of the potentially privileged or immune documents, items or information.

    (e)    Within seven (7) calendar days of receiving written notification pursuant to Section 8(d) above, the Producing Party may request a recall of all or some of such documents, items or information. If the Producing Party does not request a recall within this time period, the Producing Party shall be deemed to have waived any privilege or immunity with respect to those documents, items, or information that are not recalled. If the Producing Party does request a recall, the procedures stated in Section 8(b) and (c), above, shall apply.

### 9. Filing Protected Material

The parties agree that this Protective Order alone does not justify filings under seal. Any party wishing to file pleadings or other documents under seal will file an ex parte application with the Court, that complies with the requirements of Local Rules 7-19, 79-5, and the Standing Order in this case (Dkt. 11).

### 10. Final Disposition

Unless otherwise permitted herein, within sixty (60) calendar days after the Final Disposition of the action, all documents (originals and copies) designated as "Confidential" or "Highly Confidential-Outside Counsel Only," and all excerpts therefrom in the possession, custody, or control of parties other than the Producing Party, and experts, investigators, advisors, or consultants shall be destroyed or returned to Counsel for the Producing Party. Upon request, the parties and their Counsel shall separately provide written certification to the Producing Party within sixty (60) calendar days after the final disposition of these actions that the actions required by this Section have been completed.

### 11. Miscellaneous

**11.1 Right To Further Relief:** The Court shall retain jurisdiction over the parties for the purpose of ensuring compliance with this Protective Order and

granting such amendments, modifications, and additions to this Protective Order and such other and further relief as may be necessary, and any party may apply to the Court at any time for an amendment, modification, or addition to this Protective Order. This Protective Order shall survive the final disposition of the action, by judgment, dismissal, settlement, or otherwise.

**11.2 Protected Material Ordered Produced In Another Litigation:** A Party in receipt of the Protected Material hereunder who is requested or required to disclose any of the Protected Material pursuant to any law, regulation, order, or rule of any governmental authority, shall make reasonable efforts to promptly notify (in writing) the Parties, through their Counsel, to provide them sufficient time to limit or oppose such disclosure. In no event shall such notice be less than ten (10) business days before such disclosure is required.

**11.3 Unauthorized Disclosure of Protected Material:** In the event that anyone violates or threatens to violate the terms of this Protective Order, the Parties agree that the aggrieved Party may apply immediately to obtain injunctive relief against any such violation or threatened violation, and in the event the aggrieved Party shall do so, the respondent, subject to the provisions of this Protective Order, shall not employ as a defense thereto any claim that the aggrieved Party possesses an adequate remedy at law.

**11.4 Right to Assert Other Objections**: Neither this Protective Order nor any stipulation therefore, nor any disclosure or use of information or documents, in whatever form, pursuant to this Protective Order, shall be deemed an admission, waiver, or agreement by any Party that any information or documents designated as "Confidential" or "Highly Confidential-Outside Counsel Only" hereunder is or is not a trade secret or confidential information for purposes of determining the merits of any claims any Party may have against one another or a third party. Neither this Protective Order nor any stipulation therefore shall be deemed to expand the scope of discovery in these actions beyond the limits otherwise prescribed by law, nor to

enlarge the scope of discovery to matters unrelated to these actions.  Nothing in this Protective Order shall be construed to affect the admissibility of any document, material, or information at any trial or hearing; any request for confidentiality, closure, or sealing of any hearing or trial must be made to the judge then presiding over this action.  A Party intending to introduce Protected Material at any hearing or trial in this action will approach the bench for a ruling on how the Protected Material is to be treated.

      **11.5  Right To Amend:** Either Party may request any reasonable amendment to this Protective Order to facilitate the efficient and appropriate handling of "Confidential" and "Highly Confidential-Outside Counsel Only."  Any amendment to this Protective Order must be entered by the Court to be effective.

      **11.6  Subpoena From Non-Party:** If a Receiving Party in possession of Protected Material receives a subpoena or other request from a non-party to this action seeking production or other disclosure of such Protected Material, the Receiving Party shall immediately give written notice to the Producing Party, specifying the Protected Material sought and enclosing a copy of the request, subpoena, or other form of compulsory process.  The Receiving Party shall not produce or otherwise disclose and Protected Material without prior written authority from the Producing Party or this Court.

      The parties agree to abide by and be bound by the terms of this Protective Order upon signature hereof as if the Protective Order had been entered on that date.

| | | |
|---|---|---|
| DATED: April 13, 2021 | | DANIEL C. DECARLO<br>THOMAS S. KIDDÉ<br>SASHA SHARIATI<br>LEWIS BRISBOIS BISGAARD & SMITH LLP |

By: _/s/ Daniel C. DeCarlo_
DANIEL C. DECARLO
Attorneys for Plaintiff INSURANCE KING AGENCY, INC.

DATED: April 13, 2021

SEVAN GOBEL
ARTIN AVETISOVE
ANDREWS · LAGASSE · BRANCH & BELL LLP

By: _/s/ Sevan Gobel_
SEVAN GOBEL / ARTIN AVETISOVE
Attorneys for Attorneys for Defendants JUST AUTO INSURANCE, INC. and LEON FREGOSO

Pursuant to Local Rule 5-4.3.4(a)(2)(ii), the filer hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

**IT IS SO ORDERED** that the foregoing provisions of this Joint Stipulated Protective Order shall govern and control all disclosure, dissemination, and use of confidential information produced in this action.

DATED: May 5, 2021

_____
Hon. Philip S. Gutierrez

**EXHIBIT A**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| INSURANCE KING AGENCY, INC., an Illinois corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JUST AUTO INSURANCE, INC., a California corporation, Leon Fregoso, an individual and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 2:20-cv-05944-PSG (GJSx)<br><br>**DECLARATION**<br><br>Judge: Hon. Philip S. Gutierrez |

DECLARATION OF _____ (Name of Declarant)

I, _____, of _____ declare under the penalty of perjury as follows:

1. My address is _____.

2. If I am a/an expert/vendor/investigator/translator/jury consultant/mock jury member, a copy of my curriculum vitae is attached [where applicable].

3. My present occupation or job description is _____

_____.

4. I have received a copy of the Joint Stipulated Protective Order entered in this action on _____.

5. I have carefully read and understood the provisions of the Joint Stipulated Protective Order.

6. I agree to comply with and be bound by all of the provisions of the Joint Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

7. I agree that I will hold in confidence, and not disclose, in any manner any information or item that is subject to the Joint Stipulated Protective Order to anyone not designated in therein; and will use any information or documents designated as "Confidential" or "Highly Confidential-Outside Counsel Only." only for the purposes of assisting in the resolution of disputes between the Parties to this action.

9. I will return all documents designated as "Confidential" or "Highly Confidential-Outside Counsel Only" that may come into my possession, and documents or things which I may prepare relating thereto, to Outside Counsel for the Party who disclosed or furnished such documents to me promptly upon the request of Counsel for such Party, or, if applicable, upon the request of Counsel by whom I have been retained, or upon the conclusion of this action.

10. 1 hereby submit to the jurisdiction of this Court for the purposes of enforcement against me of the terms of the Joint Stipulated Protective Order and of the terms of this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____[date] in _____ [place]

_____
[Name]