## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 20-5944-GW-GJSx | Date | February 12, 2025 |
|---|---|---|---|
| Title | *Insurance King Agency, Inc. v. Just Auto Insurance, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |
|---|---|

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:**    **IN CHAMBERS - TENTATIVE RULING ON PLAINTIFF INSURANCE KING AGENCY, INC'S MOTION FOR CONTEMPT AGAINST DEFENDANTS FOR VIOLATION OF PERMANENT INJUNCTION [36]**

Attached hereto is the Court's Tentative Ruling on Plaintiff's Motion [36] set for hearing on February 13, 2025 at 8:30 a.m.

| | : |
|---|---|
| Initials of Preparer | JG |

***Insurance King Agency, Inc. v. Just Auto Insurance, Inc., et al.***; Case No. 2:20-cv-05944-GW-(GJSx), Tentative Ruling on Motion for Contempt

Before the Court is Plaintiff Insurance King Agency, Inc.'s Motion for Contempt against Defendants Just Auto Insurance, Inc. and Leon Fregoso (the "Motion"). *See* Motion, Docket No. 36. The Court has considered the Motion, Defendants' opposition ("Opp.," Docket No. 48), and Plaintiff's reply ("Reply," Docket No. 49). For the reasons stated herein, the Court would **DENY** the Motion after a supplemental demonstration that Defendants have substantially complied with the stipulated injunction.

## I.    Background

On July 1, 2020, Plaintiff Insurance King Agency, Inc. ("Insurance King") filed suit against Defendants Just Auto Insurance, Inc. ("Just Auto") and its president Leon Fregoso ("Fregoso") (collectively, "Defendants").[1] *See* Complaint, Docket No. 2. On June 15, 2021, a Stipulated Permanent Injunction was entered in conjunction with the parties' settlement agreement (the "Injunction"). *See* Injunction, Docket No. 33. In the stipulated injunction, the parties agreed that Defendants would no longer use a certain lion caricature (the "Just Auto Lion") in connection with their insurance business:

> **IT IS HEREBY ORDERED** that Defendants . . . are hereby restrained and enjoined from using Plaintiff's "Insurance King" or "King Of Insurance" mark or any other mark confusingly similar to Plaintiff's mark and from using the "lion" design reflected in Defendants' U.S. Trademark Application Serial No. 88/750,818. The design is depicted here.



Injunction at 2. The injunction also ordered Defendants to remove previous depictions of the Just Auto Lion from their marketing materials:

> **IT IS FURTHER ORDERED** that Defendants, at their own expense, will remove the lion caricature, which is the subject of the

---

[1] Until the filing of the instant Motion, the case was assigned to the Honorable Philip S. Gutierrez. The case was reassigned to this judicial officer on January 9, 2025. *See* Docket No. 37. In addition to reviewing the Motion, Opp., and Reply, the Court has also reviewed the docket in this case and is now generally familiar with the previous litigation.

> U.S. Trademark Application No. 88/750,818, from any of Defendants' websites, stores, offices, promotional material, marketing material, social media, advertising and signage and will not use any other mark with a fanciful depiction of a lion as a personalized character with almost human qualities, such restriction does not prohibit the use of silhouettes or realistic depictions of lions as illustrated above.

Injunction at 3. Under the terms of their settlement, each party is entitled to a written notice of default for a failure to comply with the terms of the agreement and a fifteen-day right to cure. *See* Settlement, Docket No. 36-1, § 8. The parties also agreed that either party would be entitled to reimbursement of attorney fees incurred when reasonably required to retain counsel to enforce the settlement. *Id*., § 12.

In November 2024, Insurance King discovered that Defendants were continuing to use the Just Auto Lion on its website and on its Facebook page. *See* Motion at 2-3. Insurance King sent Defendants various notices to cure. *See* Motion at 2-4. In each instance, Leticia Corral ("Corral") responded on behalf of Defendants indicating that the identified use of the Just Auto Lion had been removed. *See id*. Despite these responses, Insurance King identified additional usages of the Just Auto Lion on Defendants' website and online marketing materials and therefore brought the instant Motion, seeking an order that Defendants be held in civil contempt for violating the Inunction and Insurance King be awarded $10,000 in attorney fees. *See generally* Motion.

## II.     Legal Standard

"Civil contempt . . . consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). "The contempt 'need not be willful,' and there is no good faith exception to the requirement of obedience to a court order." *Id*. (quoting *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987)); *see also Perry v. O'Donnell*, 759 F.2d 702, 704 (9th Cir. 1985) ("civil contempt need not be willful to justify a discretionary award of fees and expenses as a remedial measure"). There are only two recognized defenses to civil contempt: (1) substantial compliance with a court's order and (2) inability to comply. *Commodity Futures Trading Comm'n v. Fin. Tree*, No. 2:20-cv-01184-TLN-AC, 2021 WL 720457, at *4 (E.D. Cal. Feb. 24, 2021).

On a motion for contempt, the moving party has a high burden to show by clear and convincing evidence that the nonmoving party has violated a specific and definite court order.

2

*FTC v. Affordable Media*, LLC, 179 F.3d 1228, 1239 (9th Cir. 1999); *Stone v. City and County of San Francisco,* 968 F.2d 850, 856 n.9 (9th Cir.1992).  But once the moving party has established that the nonmoving party has violated an order, the burden shifts to the "contemnors to demonstrate why they were unable to comply."  *Stone*, 968 F.2d at 856 n.9.  At this step, the nonmoving party "must show they took every reasonable step to comply."  *Id*.

### III.    Discussion

The Court would find, at least on balance, that Defendants have meaningfully complied with the terms of the Injunction – or as one might say, with the lion's share of their obligations. However, the Court will at this juncture require Defendants to further demonstrate substantial compliance with the terms of the Injunction before denying the instant Motion.

Insurance King reports that despite the several notice and cure letters they sent to Defendants and Carrol's assurances that the Just Auto Lion was no longer being used, several old Facebook posts that predate the settlement still have not been removed.  *See* Declaration of Julian K. Quattlebaum, IV, Ex. H, Docket No. 36-8.  Defendants attest that despite their efforts to comply with the settlement and Injunction, there remained a few Just Auto Lion logos "scattered online that were not previously removed."  Defendants contend that Carrol cooperated with Insurance King's counsel and represented in each response that the identified usage of the mark had been removed.[2]  Defendants therefore argue that their compliance with the notice and cure provision was reasonable, certainly not contemptable, and that they have otherwise substantially complied with the terms of the settlement and the Injunction.  *See* Opp. at 5-9.

It is undisputed that Corral promptly responded to each notice and cure letter Insurance King's counsel sent – and that the identified usages of the Just Auto Lion were in fact removed. In addition, Defendants attest that since agreeing to the Settlement, they have ceased using the Just Auto Lion in all marketing materials and have removed the logo from their stores, offices, signage, and promotional materials.  *See* Declaration of Leticia Corral, Docket No. 48-3, ¶ 4.  Insurance King does not challenge this assertion.  Indeed, all the usages of the Just Auto Lion that Insurance King complains of invariably predate the settlement and the Injunction and are by this point many

---

[2] Insurance King's contention that Carrol did not cooperate by failing to respond to its demand for information is unavailing because Insurance King cites no obligation requiring Defendants to produce at Insurance King's sole demand whatever documentation it would like.  While Insurance King's counsel may have thought a forceful tactic may be an effective strategy, the Court views its tone unfavorably, or at least deems it unlikely to advance cooperative results, and is in any event irrelevant.

years old.

The sole issue, then, is the sufficiency of Defendants' efforts in removing from their website and social media posts old usages of the Just Auto Lion. The inescapable problem for Defendants is that the Injunction required them to not only cease using the Just Auto Lion but also to remove all previous usages of the logo. That is, the parties agreed that Defendants would have a proactive obligation to remove their prior usages of the Just Auto Lion, not to sit idly by, wait for Insurance King to identify continued usages of the logo, and then politely respond to Insurance King's notice and cure letters. Remarkably, Defendants have not presented any evidence demonstrating whether, and if so how, they went through their websites and social media accounts to identify and remove the Just Auto Lion after agreeing to the settlement and Injunction. And the fact that Insurance King identified the logo directly on the Just Auto website, as opposed to deep into an old Facebook feed, obviates against a finding that Defendants conducted a thorough review of all their prior marketing materials.

In the end, the Court would not presently find that Defendants' conduct rises to the extraordinary level of civil contempt. It would, however, immediately require Defendants to more fulsomely demonstrate substantial compliance with the Injunction and submit declarations documenting those efforts before the Court issues a final ruling on the Motion.

## IV.    **Conclusion**

Based on the foregoing discussion, the Court would:

- **CONTINUE** the hearing on the instant Motion to **March 13, 2025 at 8:30 a.m**;
- **ORDER** Just Auto and Fregoso to immediately remove **all** usages of the Just Auto Lion from their "websites, stores, offices, promotional material, marketing material, social media, advertising and signage" as required under the Injunction;
- **ORDER** Just Auto and Fregoso to file declarations by **March 3, 2025** attesting that all usages of the Just Auto Lion have been removed and documenting the steps they took to ensure compliance with the Injunction.

By **March 6, 2025**, Defendants may file an optional declaration documenting any usages of the Just Auto Lion mark in effect after March 3, 2025 that violate the terms of the Injunction. Upon a satisfactory showing of compliance with this order and the Injunction, the Court will **DENY** the instant Motion for contempt and request for attorney fees at the March 13th hearing. If Defendants do not make a satisfactory showing of compliance with the Injunction, the Court will instead

4

**GRANT** the instant Motion and find both Just Auto and Fregoso in civil contempt and responsible for Insurance King's requested attorney fees.